**CITY OF TEXARKANA, Petitioner,**

v.

**CITIES OF NEW BOSTON, Hooks, De-Kalb, Wake Village, Maud, Avery, and Annona, Respondents.**

No. 04–0797.

Supreme Court of Texas.

June 1, 2007.

Charles C. Frederiksen, Scott Paul Drake, H. Esther Cochran, Fulbright & Jaworski L.L.P., Margaret L. Braun, An-

drews Kurth, LLP, Dallas, O. Rey Rodriguez, James N. Haltom, Haltom & Doan, LLP, Sean Fletcher Rommel, Patton, Roberts, McWilliams & Capshaw, LLP, Texarkana, Darby Vincent Doan, for petitioner.

David James Tuckfield, David P. Blanke, Christopher Vasil Popov, Vinson & Elkins, L.L.P., Kim E. Brightwell, Reeves & Brightwell, LLP, Austin, Paul Miller, Miller, James, Miller & Hornsby, L.L.P., Texarkana, for respondent.

David H. Aken, Jr., San Patricio County, County Atty./Criminal Div., Sinton, for amicus curiae.

PER CURIAM.

The City of New Boston and six other cities [1] sued the City of Texarkana, d/b/a Texarkana Water Facilities, on tort and contract claims arising out of a series of water-supply agreements. The trial court denied Texarkana's motion to dismiss based on governmental immunity, and the court of appeals reversed as to the tort claims but affirmed as to the contract claims, holding that section 51.075 of the Texas Local Government Code waived Texarkana's immunity from suit on contract. 141 S.W.3d 778, 782–89 (Tex.App.-Texarkana 2004). Texarkana petitioned for review, and the plaintiffs filed a conditional petition for review.

The court of appeals' holding on section 51.075 conflicts with our decision in *Tooke v. City of Mexia,* 197 S.W.3d 325 (Tex. 2006), which issued after Texarkana filed its petition for review, and we disapprove it. But as we explained in *Tooke,* while that case was pending on appeal (as was this one) the Legislature enacted sections 271.151–.160 of the Texas Local Government Code, retroactively waiving, with cer-

---

1. City of Hooks, City of DeKalb, City of Wake Village, City of Maud, City of Avery, and City of Annona.

tain limitations, immunity from suit for contract claims against local governmental entities. *Tooke,* 197 S.W.3d at 344–45. Following our decisions in *Tooke* and *Ben Bolt–Palito Blanco Consolidated Independent School District v. Texas Political Subdivisions Property/Casualty Joint Self–Insurance Fund,* 212 S.W.3d 320, 327–328 (Tex.2006), the plaintiff cities requested that Texarkana's petition be denied so that they can proceed on their contract claims under sections 271.151–.160 of the Texas Local Government Code.

Accordingly, Texarkana's petition for review and the plaintiff cities' conditional petition for review are denied.